UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.    § | CRIMINAL NO. 15-654-2 |
| § | |
| ABRAHAM JOSE SHIERA- § | |
| BASTIDAS,    § | |
| Defendant.  § | |

## UNITED STATES' UNOPPOSED MOTION FOR PRELIMINARY ORDER OF FORFEITURE (SECOND)

The United States moves unopposed for a Preliminary Order of Forfeiture (Second) for $18,290,830.82 in funds tendered as substitute assets by Defendant Abraham Jose Shiera-Bastidas (which is expected to satisfy his money judgment).

### Procedural Background

On March 22, 2016, Defendant pleaded guilty to Counts One and Six of the Indictment (Docket Entry 47). Count One charged Defendant with conspiracy to violate the Foreign Corrupt Practices Act, Title 15, United States Code, Section 78dd-2 ("FCPA"), in violation of Title 18, United States Code, Section 371. Count Six charged Defendant with a violation of the FCPA, in violation of Title 15, United States Code, Section 78dd-2.

The United States provided notice to the Defendant in the Indictment that pursuant to Title 18, United States Code, Section 981(a)(1)(C), the United States would seek to forfeit all property, real or personal, that constitutes or is derived from

proceeds traceable to Counts One or Six.  The United States also provided notice in the Indictment that it would seek a money judgment.

On January 5, 2017, the Court imposed a money judgment in the amount of $18,824,797.67 (Doc. 107) against the Defendant.  The Defendant is expected to receive a credit of $533,966.85 from his portion of the forfeiture of the sales proceeds of a yacht (*see* Preliminary Order of Forfeiture ($978,939.23), Doc. 91). That would leave his money judgment balance at $18,290,830.82, which would be satisfied by the tendered funds.

## Argument and Authorities

The United States moves unopposed for an order preliminarily forfeiting substitute assets towards satisfaction of the money judgment.

A. <u>Substitute Asset Procedure</u>

Pursuant to Rule 32.2(e)(1)(B) of the Federal Rules of Criminal Procedure, "the court may at any time enter an order of forfeiture" to forfeit "substitute property that qualifies for forfeiture under an applicable statute."  Under Rule 32.2(b)(2)(A), the court "must enter the order without regard to any third party's interest in the property," as any third-party claims are addressed later in an ancillary proceeding.

Assuming a Preliminary Order of Forfeiture (Second) is signed, the United States will publish the order and provide direct notice to any parties who reasonably

appear to be potential claimants with standing to claim an interest in the forfeited assets. In the unlikely event that any third parties wish to assert a claim to the tendered funds, they can file a petition pursuant to Title 21, United States Code, Section 853(n), which this Court would adjudicate. Assuming that the funds are finally forfeited, the total of $18,290,830.82 will be credited against the money judgment.

The applicable statute for substitute property is 21 U.S.C. § 853(p), which provides for the forfeiture of substitute property in certain circumstances, including when proceeds have been spent and thus cannot be located upon the exercise of due diligence; and when proceeds have been commingled with other funds such that they cannot be divided without difficulty. The forfeiture of substitute property under Section 853(p) is appropriate under the facts of this case, as admitted by the Defendant.

B. Assets to be Forfeited

With the consent of the United States, two aircraft were sold by companies in which the Defendant held an ownership interest. The Defendant's share of the sales proceeds for the two aircraft, $956,339.32, was wired in August 2016 to the United States to be forfeited in partial satisfaction of his money judgment.

In addition, with the consent of the United States, a condominium in Miami, Florida (owned by the Defendant through a structure) was sold, and in February 2017, the Defendant caused the net sales proceeds of $2,433,977.17 to be wired the United States to be forfeited in partial satisfaction of his money judgment.

Over time, the Defendant tendered to the United States the following additional sums from his personal funds: $97,887.07 from his VBT Bank & Trust account; $2,299,975.00 of personal funds obtained via loan; $51,069.85 from his Dubuque Bank and Trust account; and $427,459.79 from a federal tax refund.

The Defendant caused $4,019,179.75 to be wired from a Mirabaud account with an account number ending in 1305, held in the name of Tholla Enterprises Corp., for purposes of forfeiture.

Because the Defendant wished to satisfy the money judgment in part with funds from financial accounts in Switzerland, the United States made a formal request to the Swiss authorities to allow the transfers, with all proper consents. Funds of $8,004,942.87 from Swiss accounts are now in United States' custody in a U.S. Treasury forfeiture holding account, pending forfeiture as substitute assets. Those funds came from the following financial accounts in Switzerland:

| Bank and Account Number Ending | Held in Name of | Amount in USD |
|---|---|---|
| Credit Suisse x3782 | Abraham Jose Shiera Bastidas | $499,345.00 |
| Credit Suisse x7172 & 7175 | Individual with initials CASG | $62,822.46 |
| Credit Suisse x0912 | Glorius Assets Inc. | $1,099,480.00 |
| Credit Suisse x9392 | Freestar Investments Inc. | $5,311,846.36 |
| Credit Suisse x9782 | Harmony Ventures Ltd. | $1,031,449.05 |
|  | Total Amount | $8,004,942.87 |

The Defendant agrees that one or more of the Section 853(p) circumstances exists, does not oppose this motion to forfeit the listed funds as substitute assets, and pursuant to Rule 32.2(b)(4)(A), consents to the preliminary order of forfeiture becoming final as to him upon its entry.

## Relief Requested

The United States moves that the Court preliminarily forfeit the $18,290,830.82 as substitute assets. The Defendant is unopposed. A proposed order is attached for the Court's consideration.

Respectfully submitted,

| | |
|---|---|
| ROBERT A. ZINK | RYAN K. PATRICK |
| CHIEF | UNITED STATES ATTORNEY |
| Fraud Section | Southern District of Texas |
| Criminal Division | |
| United States Department of Justice | |

*/s/ Sarah E. Edwards*  */s/ Kristine E. Rollinson*

SARAH E. EDWARDS         ROBERT S. JOHNSON
SONALI D. PATEL          KRISTINE E. ROLLINSON
TRIAL ATTORNEYS          ASSISTANT UNITED STATES
                         ATTORNEYS

Fraud Section, Criminal Division     U.S. Attorney's Office
U.S. Department of Justice           Southern District of Texas
1400 New York Avenue, N.W.           1000 Louisiana, Ste. 2300
Washington, D.C.  20005              Houston, TX 77002
Tel:  (202) 305-6761                 Tel:  (713) 567-9385

## CERTIFICATE OF CONFERENCE

I certify that counsel for the Defendant, Ann M. St. Peter-Griffith, stated on September 3, 2020, that the Defendant is unopposed to the relief sought.

                                            s/Kristine E. Rollinson
                                            Kristine E. Rollinson

## CERTIFICATE OF SERVICE

A true and correct copy of this pleading was served on all counsel via electronic court filing on September 3, 2020.

                                            s/Kristine E. Rollinson
                                            Kristine E. Rollinson