# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 15-654-2 |
| ABRAHAM JOSE SHIERA-BASTIDAS, | § § § | |
| Defendant. | § | |

## PRELIMINARY ORDER OF FORFEITURE (SECOND)

The Court has considered the United States' Unopposed Motion for Preliminary Order of Forfeiture (Second) forfeiting $18,290,830.82 as substitute assets. The Court has decided to GRANT the motion.

On March 22, 2016, Defendant Abraham Jose Shiera Bastidas pleaded guilty to Counts One and Six of the Indictment (Docket Entry 47). Count One charged Defendant with conspiracy to violate the Foreign Corrupt Practices Act, Title 15, United States Code, Section 78dd-2 ("FCPA"), in violation of Title 18, United States Code, Section 371. Count Six charged Defendant with a violation of the FCPA, in violation of Title 15, United States Code, Section 78dd-2.

The United States provided notice to the Defendant in the Indictment that the United States would seek to forfeit property and would seek a money judgment. On January 5, 2017, the Court imposed a money judgment in the amount of $18,824,797.67 (Doc. 107). The Defendant admits that one or more of the

conditions of Title 21, United States Code, Section 853(p) exists and does not oppose this motion to forfeit the property listed below as substitute assets,

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the record in this case, and the applicable law, the Court hereby ORDERS as follows:

1. It is ORDERED that the $956,339.32 tendered by the Defendant to the United States is forfeited to the United States as substitute assets.

2. It is ORDERED that the $2,433,977.17 tendered by the Defendant to the United States is forfeited to the United States as substitute assets.

3. It is ORDERED that the $97,887.07 tendered by the Defendant to the United States is forfeited to the United States as substitute assets.

4. It is ORDERED that the $2,299,975.00 tendered by the Defendant to the United States is forfeited to the United States as substitute assets.

5. It is ORDERED that the $51,069.85 tendered by the Defendant to the United States is forfeited to the United States as substitute assets.

6. It is ORDERED that the $427,459.79 tendered by the Defendant to the United States is forfeited to the United States as substitute assets.

7. It is ORDERED that the $4,019,179.75 tendered to the United States from Mirabaud account x1305 held in the name of Tholla Enterprises Corp. is forfeited to the United States as substitute assets.

8. It is ORDERED that the $499,345.00 tendered to the United States from Credit Suisse account x3782, held in the name of Defendant, is forfeited to the United States as substitute assets.

9. It is ORDERED that the $62,822.46 tendered to the United States from Credit Suisse accounts x7172 & 7175, held in the name of an individual with the initials CASG, is forfeited to the United States as substitute assets.

10. It is ORDERED that the $1,099,480.00 tendered to the United States from Credit Suisse account x0912, held in the name of Glorius Assets Inc., is forfeited to the United States as substitute assets.

11. It is ORDERED that the $5,311,846.36 tendered to the United States from Credit Suisse account x9392, held in the name of Freestar Investments Inc., is forfeited to the United States as substitute assets.

12. It is ORDERED that the $1,031,449.05 tendered to the United States from Credit Suisse account x9782, held in the name of Harmony Ventures Ltd., is forfeited to the United States as substitute assets.

13. It is ORDERED that the United States shall publish notice of this Preliminary Order of Forfeiture (Second) and, to the extent practicable, shall provide written notice to any person who reasonably appears to be a potential claimant with standing to claim an interest in the forfeited assets. Any person, other

than a defendant, asserting a legal interest in the property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the property, within such time and in the manner provided by Title 21, United States Code, Section 853(n).

This Preliminary Order of Forfeiture will be made part of the Defendant's sentence and included in the judgment against him.

Signed in Houston, Texas, on the ____ day of _____ 2020.

_____
GRAY H. MILLER
UNITED STATES DISTRICT JUDGE